# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               No. 1:19-CR-01439-WJ

TURAB LOOKMAN,

        Defendant.

### UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

**COMES NOW** Defendant Turab Lookman, by and through counsel Paul M. Linnenburger, Marc M. Lowry and Kate S. Thompson of Rothstein Donatelli LLP, and moves the Court to modify the Order Setting Conditions of Release dated May 29, 2019 (Dkt. 18) to withdraw the requirement of participation in substance abuse therapy and counseling and to permit Dr. Lookman limited contact with Canadian government and business entities necessary to access governmental and retirement benefits. As grounds in support thereof, Dr. Lookman states as follows:

1. On May 22, 2019, an Indictment was filed charging Dr. Lookman with three counts of violating 18 U.S.C. § 1001(a)(2). (Doc.2).

2. Dr. Lookman was arrested on May 23, 2019, and appeared before U.S. Magistrate Judge Kirtan Khalsa for an Initial Appearance the following day. (Doc. 5).

3. An arraignment and detention hearing were held before Judge Khalsa on May 28, 2019, after which Dr. Lookman was ordered released subject to certain conditions pursuant to an Order Setting Conditions of Release entered May 29, 2019. (Doc. 18).

4.      Pursuant to the May 29, 2019, Order Setting Conditions of Release, Dr. Lookman is prohibited from contact with representatives of any foreign government or foreign company unless otherwise authorized by the Court. (Doc. 18, p. 2, ¶(7)(g)). Dr. Lookman has complied with that requirement in good faith. However, Dr. Lookman was previously employed in Canada at a public university for a period of approximately twenty (20) years. As a result, he has potential Canadian benefits, including retirement benefits. Accessing said benefits is expected to require limited contact with Canadian governmental and potentially banking officials, including officials of Scotia Bank and Barclays International. Access to said benefits and retirement funds is expected to become crucial for Dr. Lookman and his family during the pendency of this case due to the fact that Dr. Lookman is no longer employed following his arrest in this matter.

5.      Dr. Lookman requests this Court permit him limited contact with Canadian, Scotia Bank and Barclays International in order to ensure access to benefits and retirement. Dr. Lookman understands and accepts that any such contact would necessarily be limited to obtaining access to those benefits, if available to him, and that all other conditions of release, including a prohibition with other foreign contact and limitations on his travel to the Santa Fe-Albuquerque corridor, would remain in full effect.

6.      The Order Setting Conditions of Release further ordered that Dr. Lookman participate in a substance abuse program if directed to do so by the pretrial services office. (Doc. 18, p. 2, ¶7(o)). The charges in this matter are nonviolent and are unconnected to substance use or abuse. Further, as Judge Khalsa noted during the detention hearing, while Dr. Lookman must refrain from use or possession of any controlled substance for which he does not have a valid prescription, there do not appear to be any concerns related to substance use and/or abuse. Furthermore, undersigned counsel is informed by the United States Pretrial Services Office that

said Office does not believe a substance abuse program is appropriate. Dr. Lookman did voluntarily appear for a potential substance abuse assessment, however, undersigned counsel is was informed said assessment was canceled by Pretrial Services due to a lack of indication of any substance abuse issues.

7. In light of the above, Dr. Lookman requests this Court modify the conditions of release to remove the requirements of ¶(7)(o). Dr. Lookman understands and accepts that prohibitions against possession and use of any narcotic or controlled substance for which he does not have a valid prescription will remain in full effect.

8. Dr. Lookman understands all other conditions set forth in the Order Setting Conditions of Release would remain in full effect if the above requests are granted.

9. Assistant United States Attorney George Kraehe on behalf of the United States was contacted on June 5, 2019, concerning the relief requested herein and indicated he does not oppose the relief requested herein.

10. Mike Adolph of Pretrial Services was contacted on June 5, 2019, concerning the specific condition relating to substance abuse therapy and counseling, and indicated that, while the Pretrial Services Office believes general mental health counseling may be helpful, he has no objection to removing the condition set forth in ¶(7)(o) due to the lack of concern as to substance abuse.

WHEREFORE, the Defendant Turab Lookman respectfully requests this Court to enter an Order modifying the May 29, 2019, Order Setting Conditions of Release (Doc. 18) in the particulars set out above.

Respectfully submitted,

**ROTHSTEIN DONATELLI LLP**

By: /s/ *Paul M. Linnenburger*
    PAUL M. LINNENBURGER
    MARC M. LOWRY
    KATE S. THOMPSON
    500 Fourth Street, NW, Suite 400
    Albuquerque, NM 87102
    (505) 243-1443
    plinnenburger@rothsteinlaw.com
    mlowry@rothsteinlaw.com
    kthompson@rothsteinlaw.com
    *Attorneys for Defendant Lookman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of June 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

George C. Kraehe
United States Attorney's Office
george.kraehe@usdoj.gov

Mike W. Adolph
United States Pretrial Services
mike_adolph@nmp.uscourts.gov

                                        /s/ *Paul M. Linnenburger*
                                 **ROTHSTEIN DONATELLI LLP**