## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 19-CR-01439-WJ |
| vs. ) | |
| ) | |
| **TURAB LOOKMAN,** ) | |
| ) | |
| Defendant. ) | |

## **STIPULATED SCHEDULING ORDER**

On June 7, 2019, the Court entered an Order designating this case complex, vacating the standard scheduling order and trial setting, and ordering the parties to submit within thirty (30) days a proposed order setting a schedule for discovery and the filing of pretrial motions, hearings upon such motions, and trial.  (Doc. 21).   Accordingly, the parties submit a proposed amended stipulated scheduling order as follows:

Trial

Jury Selection/Trial in this matter is scheduled for June 22, 2020, at 9:00 a.m., Bonito Courtroom.

A Pretrial Conference is scheduled for June 15, 2020, at 9:00 a.m., Bonito Courtroom.

Jury instructions should be filed by May 15, 2020.  (As set forth in Judge Johnson's Trial Preparation (attached), parties are to confer on jury instructions in order to eliminate disagreement where possible.)

Objections to jury instructions should be filed by May 22, 2020.

Responses to Objections to jury instructions June 29, 2020.

Motions in limine shall be filed no later than April 17, 2020 and responses thereto fourteen (14) days after filing.

Jencks material shall be provided by May 29, 2020.

Witness and exhibit lists, and voir dire, shall be filed May 15, 2020.  The parties agree to exchange or make available all exhibits at that time.

Objections to witness and exhibit lists, and voir dire, shall be due May 29, 2020.

Responses to objections to witness and exhibit lists, and voir dire, shall be due June 5, 2020.

Plea agreements shall be entered no later than two weeks before trial.

Discovery

The United States will complete all discovery, including notice of experts, no later than November 15, 2019.

Defendants will complete all discovery, including notice of experts, no later than December 20, 2019.

Both parties will disclose expert reports no later than January 17, 2020.

If it becomes clear that the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III causes significant delays in the processing of discovery, counsel for the United States will advise the Court and will, if necessary, seek an extension of the deadline for discovery and amendment of other deadlines and settings.  If CIPA concerns arise the government will propose a CIPA Protective Order for all parties.

Motions Deadlines

All motions concerning discovery shall be filed no later than February 14, 2020. Responses to these motions shall be governed by the Federal Rules of Criminal Procedure and this Court's Local Rules.

*Daubert* Motions and notices of co-conspirator statements (*James*) shall be February 14, 2020.

Responses to *Daubert* Motions and notices of co-conspirator statements (*James*) shall be due February 28, 2020.

Replies to *Daubert* Motions and notices of co-conspirator statements (*James*) will be due March 6, 2020.

Substantive motions (government and defense); Fed. R. Evid. 404(b) and 609 notices, and *res gestae* disclosure by government shall be filed March 20, 2020.

Responses to substantive motions; Objections/responses to Fed. R. Evid. 404(b) and 609 notices; and *res gestae* disclosure due April 15, 2020.

Replies to substantive motions; Fed. R. Evid. 404(b) and 609 notices; and *res gestae* disclosure due April 22, 2020.

The Court, having considered the parties' representations and proposals, and finding the proposals to be well taken,

THE COURT FINDS THAT, given the complexity of the case, there is good cause for an exclusion, for the purposes of the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), of the time between the date of filing of the government's motion and the date on which a future conference may be held to address other pretrial issues, or, if no conferences are held, then the date the last-filed motion is resolved by the Court, and that the ends of justice

that would be served by granting the exclusion of time outweigh the best interest of the public and the defendants in a speedy trial. The Court further finds that given the complex nature of this matter, appointed counsel should be permitted to submit billing on an interim basis.

THE COURT FURTHER ORDERS:

1. The Court adopts the parties' stipulated schedule, as described above.

2. All other pretrial issues not otherwise addressed here should be raised and discussed as appropriate at future conferences to be scheduled by the Court. Such issues may include scheduling of discovery of witness statements, informant identities, and *Brady* and *Giglio* material; and scheduling of disclosure of audio recordings and transcripts anticipated to be used at trial and challenges to such anticipated evidence.

3. For any deadlines and information not contained in this stipulated scheduling order, counsel shall adhere to the instructions and case management deadlines as set forth in the following attachment, "Preparation for Criminal Trial" (includes guidelines for preparation of proposed jury instructions, JERS Informational Letter, and JERS Attorney Guide).

4. Counsel are advised that any requested extension of the deadlines contained herein may result in the continuance of the June 22, 2020 trial date.

IT IS SO ORDERED.

DATED: August 5, 2019.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE