## PREPARATION FOR CRIMINAL TRIAL

*BEFORE THE HONORABLE WILLIAM P. JOHNSON*

**A.     AUDIO-VISUAL EQUIPMENT**

Parties should notify the Court at least <u>two</u> weeks in advance of trial if they require audio-visual or other special equipment. Parties are responsible for operating any of this equipment.

**B.     WITNESSES AND EXHIBITS:**

1.      Rule 404(b) or Rule 609(b) evidence: The Government will provide Defendant notice of potential Rule 404(b) or Rule 609(b) evidence not less than **TWO (2) WEEKS** in advance of trial.

2.      Exchange of EXHIBIT AND WITNESS LISTS: Counsel shall exchange and file with the Court witness and exhibit lists **TWO (2) WEEKS** prior to trial.

3.      REQUIRED FORMAT FOR EXHIBIT LISTS, NON-ELECTRONIC:  When filing their final exhibit lists with the Court prior to trial, parties shall use the format included at the end of this document.  Exhibits shall be marked and identified clearly for each party.  Use of exhibit notebooks (Plaintiff's and Defendant's) are encouraged for those exhibits to which neither party has objections.  Exhibits shall be marked and identified (Plaintiff's by numbers and Defendant's by letters, e.g.,   A,B,C,  . . . AA, AB, AC).

4.      REQUIRED FORMAT FOR EXHIBIT LISTS, ELECTRONIC:  In addition to the requirements set out in #3 pertaining to exhibits, exhibits also need to be submitted in **electronic format.**  Refer to attached JERS Informational letter, along with Attorney Guide to JERS for instructions on how to submit electronically formatted trial exhibits to the Court.

**C.     SCHEDULING ORDERS**:

Parties shall immediately notify the Court of matters that will require additional preparation time, such as the intent to introduce expert testimony or co-conspirator testimony, so that the Court may allow sufficient time to address potential *Daubert* challenges and to hold *James* hearings.  Upon such notification by a party, the Court will hold a scheduling conference to consider deadlines for these issues.

**D.**     **NON-JURY TRIALS**

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW shall be filed at least **TWO (2) WEEKS** prior to trial, with references to exhibits and proposed testimony.

**E.**     **JURY TRIALS:**

1.     JURY INSTRUCTIONS:

a.     Parties shall **meet and confer in advance** of the deadline to agree on as many instructions as possible. Parties shall be prepared to submit a legal basis for their objections to each instruction on which they do not agree.  Parties are expected to AGREE ON STOCK INSTRUCTIONS AND AVOID SUBMITTING TO THE COURT SEPARATE REQUESTS FOR THE SAME STOCK INSTRUCTIONS.

b.     Proposed instructions shall be **numbered** and **annotated.**  Submit no more than ONE INSTRUCTION PER PAGE. Refer to the Court's external website in order access Judge Johnson's trial preparation materials: www.nmcourt.fed.us. Parties should refer to Tenth Circuit Criminal Pattern instructions.

c.     Submission of proposed instructions to the Court is a **two-step process**:

(1) **E-filing:** Proposed instructions shall be filed with the Court **electronically,** in accordance with D.N.M. LR-Civ. 5.1 at least **TWO (2) WEEKS BEFORE TRIAL** is scheduled.

(2) **E-mail:** In addition to electronically filing their submissions regarding jury instructions, both parties shall submit to the Court through the e-mail address (wpjproposedtext@nmcourt.fed.us), the following, in WORD format:

(A) the requested jury instructions; and
(B) proposed special verdict forms and
(C) the parties' Joint Statement of the Case.

NOTE: JOINT STATEMENT OF THE CASE shall be submitted at the same time the jury instructions are submitted (**TWO WEEKS BEFORE TRIAL**), but should be filed separately. If parties cannot agree on a Joint Statement of the Case, parties should submit separate proposed Statements.

2.     MOTIONS IN LIMINE:  shall be filed no later than **TWO (2) WEEKS** before trial.  Responses are due **ONE (1) WEEK** before trial. If a motion in limine is filed earlier than 14 days before trial, the response is due five (5) days after the

motion is served. Replies to motions in limine will not be entertained unless specifically requested and allowed.

3.      VOIR DIRE: In the average case, each counsel will be permitted **TEN (10)** minutes to voir dire the venire panel. **Do not argue the case or cite legal principles in   your voir dire.** Requested voir dire shall be exchanged between counsel and shall be    filed with the Court at least **TWO (2) WEEKS** prior to trial.  If counsel cannot agree on proposed voir dire, any objections must be brought to the Court's attention at least **ONE (1) WEEK** prior to trial.

## WITNESS/EXHIBIT LIST

| | | CV/CR |
|---|---|---|
| Plaintiff's Attorney: | Defendant's Attorney: | United States District Court<br>District of New Mexico |
| | | Trial Date(s): |
| Presiding Judge: **William P. Johnson** | Court Reporter: M. Loughran | Courtroom Deputy: R./M. Garcia |

| Pltf No. | Deft No. | Witness | Date Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4

## <u>INFORMATIONAL LETTER</u>

Dear Counsel:

The United States District Court for the District of New Mexico has installed new equipment into some courtrooms for use during trials in which jurors may view evidence electronically during deliberation.  The newly installed equipment is known as JERS (Jury Evidence Recording System).  The Western District of North Carolina created JERS for the purpose of electronically capturing evidence during a trial and then allowing a jury to view the evidence on a monitor in the Jury Deliberation Room.  The District of New Mexico has been working to customize and test the equipment for the benefit of our court and our jurors.  We would like to use JERS during the upcoming trial in your case.

The use of JERs will not affect how you present your case.  You will proceed in normal course by presenting the exhibits/evidence either in paper form or from your laptop.  All that the Court requires is the submission of the exhibits/evidence on an electronic storage device (CD, DVD or USB drive) TEN (10) calendar days before trial. The evidence is then imported into JERS and stored until the conclusion of the trial, when evidence is submitted to the jurors for deliberation.

It is important to note that, similar to non-electronic evidence, only electronic evidence that is admitted and allowed by the Court will be viewable by jurors during deliberation.  Included with this letter is a copy of the Attorney Guide to JERS, where instructions are provided as to the formatting and naming of files.  When creating the Indexed File Method, it is important that you follow the exact method as provided in the Attorney Guide – for instance, no spaces, and bars must be placed as shown.

It is the goal of the Court to provide attorneys with useful and effective equipment.  It is the assistance from attorneys, such as you, that helps us achieve these goals.



# ATTORNEY GUIDE TO JERS

The U.S. District Court for the District of New Mexico uses the Jury Evidence Recording System (JERS) to capture evidence electronically during a hearing/trial.  The evidence may then be electronically viewed by jurors in a jury deliberation room at a later time.

## How to Submit Electronic Exhibit Files

Electronic evidence files should be provided on any one of the following acceptable media storage devices:

- ♦ USB drive
- ♦ DVD
- ♦ CD

Media storage devices are to be placed in a sealed envelope with the name of the CRD or chambers' staff clearly written on the outside of the envelope, and hand delivered to the Clerk's Office or mailed to the Clerk's Office if counsel resides out of town.

## Requirements for Exhibit File Types

All electronic evidence will be provided using the following formats:

- ♦ Documents and Photographs: **.pdf** ; **.jpg** ; **.bmp** ; **.tif** ; **.gif**
- ♦ Video and Audio Recordings: **.avi** ; **.wmv** ; **.mpg** ; **.mp3** ; **.mp4 ; .wma ; .wav**

Regarding the file size of electronic evidence, individual files should not exceed **500MB**. Exhibits approaching or exceeding this size limit should be separated into multiple files.

> **NOTE:** A 'PDF' document can often be reduced significantly in size by using tools such as Adobe's "Reduce File Size" feature.  Images can be significantly reduced in file size by lowering the resolution or dimensions, usually with minimal affect to viewing quality.

## Exhibit Formatting Instructions for Batch Importing

Exhibit files will be formatted in a manner that permits them to be batch imported into JERS.  Use the following File Naming Method for your exhibits.

> **FILE NAMING METHOD** *(See File Naming Method Examples on the last page)*
>
> a)  All files are provided on a single storage device such as a CD, DVD, or USB drive.
> b)  Using any software or method, exhibit files are named using a naming convention similar to:
>
> (exhibit number)-(exhibit part)_(exhibit description).(file extension)

c) The use of the 'underscore' character is required before the description of the exhibit and cannot be used elsewhere in the exhibit name.

## Attorney Responsibilities

1. It is the responsibility of the attorney to ensure that exhibits are submitted to the Court in a prompt and timely manner, in true proper format, and in accordance with the court's trial preparation instructions or other direction from chambers.

2. The CRD or a member of chambers' staff will notify attorneys of any exhibit(s) that cannot be imported into JERS from the media storage device provided by the attorney. Attorneys will need to resubmit all problematic exhibits as directed by the CRD or a member of chambers' staff.

3. While evidence is provided to the court to import files in JERS in advance of a hearing/trial, attorneys will continue to remain responsible for maintaining and presenting all evidence during the hearing/trial.  As such, the Court will require attorneys to test their laptop and any other equipment attorneys may need, a few days prior to the beginning of a court hearing/trial.

    a) Attorneys may contact the CRD to schedule time to test equipment in the courtroom.

    b) Unfortunately, it may not be possible to test laptops or other necessary equipment the day a hearing/trial is scheduled to begin. Resolving technical issues beforehand will ensure a speedy and technically efficient hearing/trial for all parties.

## FILE NAMING METHOD EXAMPLES

1_Hotel Reciept.pdf

2_Photograph of Bank Interior.jpg

3_Video of Car Explosion.mpg

4_Police Radio.wav

5-a_Photograph of Exterior Burning House.jpg

5b_Police Car Chase Video.mpg

6(c)_Photograph of Cell Phone.jpg

6(d)_Photograph of Damaged Cell Phone.jpg