IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 19-CR-01439-WJ |
| ) | |
| **TURAB LOOKMAN**, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States hereby submits this Response to Defendant's Sentencing Memorandum and as grounds therefore provides the following:

## INTRODUCTION

Citing his innate goodness as a human being and a lifetime of hard work, Defendant Turab Lookman ("Lookman") seeks a financial or probationary sentence. Lookman's request, however, only serves to accentuate the character flaws in a man who lied over and over to conceal his relationship with the United States' chief foreign adversary. Moreover, a financial or probationary sentence does not sufficiently reflect the extremely seriousness nature of Lookman's offense conduct. Lookman not only lied, but he betrayed his country by collaborating with the Communist Party of China to undermine our nation's national security. For these reasons, and as further set forth below, the United States believes a sentence of 10 months' imprisonment is necessary to vindicate the sentencing factors set forth at 18 U.S.C. § 3553.

**RESPONSE**

**A.   Lookman's flawed character caused him to betray his adopted country.**

Lookman is a man of great intellectual capacity who achieved the American dream by rising to be a top scientist at the Los Alamos National Laboratory (LANL), our nation's premiere nuclear weapons research facility.   Instead of repaying his adopted country with loyalty and honesty, Lookman co-opted the Communist Party of China's broad and longstanding strategy to undermine the national security of the United States by stealing the intellectual property of United States governmental and private actors.   Lookman advanced China's massive program of theft through a campaign of deception.   Lookman knew what he was doing was wrong. That's why he lied about it—again and again.

There is little doubt that Lookman is a brilliant scientist.   He may also be a good family man and a generous friend and colleague.   But his willingness to betray his country and then lie about his misdeeds bespeaks a willfulness and an arrogance deserving of more than a financial or probationary sentence.   As Lookman's sentencing memorandum demonstrates, he had no good reason to collaborate with the Communist Party of China against the national security interests of the United States.   Lookman was not an alcoholic or a drug user or a gambling addict. Lookman had a loving and supporting family.   He enjoyed the admiration of his professional colleagues at LANL and the esteem of scientists around the world.   His country granted him its highest level of trust and confidence.   Lookman was emotionally sound and financially secure. He had everything the American dream can provide an able and intelligent person.   Nothing pushed him or induced him or compelled him to enter into a deceptive collaboration with the Communist Party of China.   Yet he did.   And he did so, knowing it was wrong to do so.

Why?   Ignorance does not explain Lookman's willful actions.   Certainly, a top LANL

scientist as brilliant as Lookman, internationally renowned and engaged, would have known of China's state-supported program to steal cutting-edge United States intellectual property and national secrets by infiltrating government research institutions, universities, and private industries. Lookman, of all people, should have known how sharing his knowledge and experience with China could undermine the national security of the United States. Nor was Lookman's betrayal a momentary failing; to the contrary, Lookman's campaign of deception occurred over the course of more than a year, marked by a series of lies to counterintelligence officers, co-workers, background investigators, even to the FBI.

One must look to Lookman's flawed character to divine the causes of his betrayal. Greed may have been a reason—an additional $75,000 in remuneration, as reflected in Lookman's contract with the Thousand Talents Program. Vanity might also have caused Lookman to make a deal with China—the added regard of establishing a new state-sponsored research program in China. Arrogance must have been the chief cause—Lookman's sense that he owed his good fortune to nobody and to nothing, least of all to his adopted country, and could do with it what he willed.

In short, Lookman had nothing and nobody to blame for his offense conduct. Given all the good options available to him after a very fortunate life or success, achievement, and support, he knowingly and willfully chose a course of betrayal for all the most venal reasons.

**B. Lookman's lies about his collaboration with the Government of China is an extremely serious offense.**

Lookman's sentencing memorandum completely overlooks the seriousness of his offense conduct. Lookman's suggestion that his collaboration with Communist China was just another episode of honest scientific cooperation cannot be taken seriously. Lookman would have the

3

Court believe that collaboration, let alone a contract for remuneration with the Government of China, is a harmless activity engaged in by scientists all over the United States. This is far from the truth.

The Court should start with the obvious. If Lookman's conduct was so harmless and ordinary, why did he repeatedly lie about over the course of more than a year? Why did he lie to the counter-intelligence officers? Why did he lie to his co-workers? Why did he lie to the background investigators? Why did he lie even to the FBI at the time of his arrest? The answer is clear: Lookman knew what he was doing in collaborating with the Communist Party of China was not ordinary and was not harmless. He knew it was serious and posed potential significant dangers to the national security of the United States.

The scope of China's efforts to undermine the national security of the United States by stealing our nation's advanced intellectual property, whether developed by our government-sponsored national research facilities, or by our universities, or by private commercial enterprise, is broad and pervasive. China's massive program of theft of intellectual property is also so well-known as to be common knowledge. Lest there be any doubt, a review of recent prosecutions pursued by the U.S. Department of Justice's National Security Division, through U.S. Attorney's Offices across the nation, illustrates the enormity of China's attempts to acquire United States intellectual property. The Court is invited to click on the link below and peruse recent news releases of the National Security Division; what the Court will see is case after case demonstrating China's attempts by means of so-called "scientific collaboration" to undermine the national security of the United States. Chinese infiltration of America's knowledge base implicates the lion's share of our national security prosecutions:

https://www.justice.gov/news?f%5B0%5D=field_pr_topic%3A29511

In short, Lookman's lies were not of a garden variety—he did not lie about a car loan or a past arrest or the extent of his past drug use or in a way one might see arising from a common federal employment background investigation. Such lies certainly are material and can warrant prosecution and sentencing at the low end of the guidelines range. Lookman's lies were far more serious. Lookman, a top Q-cleared scientist at our nation's premiere nuclear weapons research facility, lied about his collaboration with the chief foreign adversary of the United States and his involvement in a Communist Party of China program the purpose of which is to disadvantage the national security of the United States by obtaining by theft or any other means intellectual property and national secrets belonging to the people of the United States. Some lies are just lies. In Lookman's case, his lies were more than mere "mistruths." They instead amounted to a betrayal of his adopted country and a threat to national security. Given the gravity of his offense, a financial or probationary sentence would have no meaning, would not reflect the seriousness of the offense, and would be wholly inappropriate. This Court should impose a sentence of 10 months' imprisonment.

## CONCLUSION

Based on the foregoing, the United States recommends that the Court sentence the Defendant to a 10-month term of imprisonment.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

 */s/ Electronically filed*
JON K. STANFORD
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 8th day of September 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

 */s/ Filed Electronically*
JON K. STANFORD
Assistant U.S. Attorney