# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: 19-1439 WJ | | USA vs.: Lookman | |
| Date: September 10, 2020 | | Name of Deft: Turab Lookman | |
| Before the Honorable: | Chief District Judge William P. Johnson | | |
| Time In/Out: | 10:08am – 11:13am<br>11:20am – 11:35am | Total Time in Court (for JS10): | 1 hour and 20 minutes |
| Clerk: | R. Garcia | Court Reporter: | M. Loughran |
| AUSA: | Jon Stanford | Defendant's Counsel: | Paul M Linnenburger |
| Sentencing in: | Albuquerque, NM | Interpreter: | N/A |
| Probation Officer: | Adam Duran | Interpreter Sworn? | Yes     No |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Convicted on: | **X** Plea | | Verdict | As to: | Information | **X** | Indictment |
| If Plea: | **X** Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | | | |
| If Plea Agreement: | **X** Accepted | | Not Accepted | No Plea Agreement | Comments: | | |
| Date of Plea/Verdict: | 1/24/20 | PSR: | Not Disputed | **X** Disputed | **X** Courts adopts PSR Findings | | |
| Evidentiary Hrg: | **X** Not Needed | | Needed | Exceptions to PSR: | The Court directs Probation to track the language in the Plea Agreement re Defendant's admission of facts, and include it in the PSR | | |

## SENTENCE IMPOSED     Imprisonment (BOP):

| Supervised Release: | | Probation: | 5 years; if Defendant is doing well and compliant, Probation can consider Defendant for release from his term of probation prior to the end of the 5 year term. |
|---|---|---|---|

| REC | 500-Hour Drug Program | BOP Sex Offender Program | Other: |
|---|---|---|---|
| ICE | Court recommends ICE begin removal proceedings immediately or during service of sentence | | ICE not applicable |

### SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| | No re-entry without legal authorization | Home confinement for | months     days |
| | Comply with ICE laws and regulation | Community service for | months     days |
| | Participate in/successfully complete subst abuse program/testing | Reside halfway house | months     days |
| | Participate in/successfully complete mental health program | Register as sex offender | |
| | Refrain from use/possession of alcohol/intoxicants | Participate in sex offender treatment program | |
| **X** | Submit to search of person/property | Possess no sexual material | |
| | No contact with victim(s) and/or co-defendant(s) | No computer with access to online services | |
| | No entering or loitering near victim's residence | No contact with children under 18 years | |
| | Provide financial information | No volunteering where children supervised | |
| | Grant limited waiver of confidentiality | Restricted from occupation with access to children | |
| | Refrain from use and possession of synthetic cannabinoids, etc. | No loitering within 100 feet of school yards | |
| | No possession of a firearm, ammunition, destructive device or any other dangerous weapon | Participate in an educational or vocational program approved by the Probation Officer | |

| | |
|---|---|
| OTHER: | 1. Deft must not incur new credit charges, negotiate or consummate any financial contracts or open additional lines of credit without prior approval of the probation officer<br>2. Deft must provide the probation officer access to any requested financial information and authorize the release of any financial information<br>3. Deft must participate in a mental health treatment program and follow the rules and regulations of that program<br>4. Deft shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress |

| | | 5. Deft's travel is restricted to the state of New Mexico unless receiving prior approval from his probation officer | | | | |
|---|---|---|---|---|---|---|
| Fine: | $ | 75,000; fine to be paid in 5 instalments of $15,000; fine to be paid in full if considered for early released from supervision. | | Restitution: $ | 0.00 | |
| SPA: | $ | 100.00 | | Payment Schedule: | X | Due Immediately | | Waived |

OTHER:

| | Advised of Right to Appeal | X | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| | Held in Custody | | Voluntary Surrender |
| | Recommended place(s) of incarceration: | | |
| | Dismissed Counts: | | |

Mr. Linnenburger advises his client waives his personal appearance for today's hearing; Defendant confirms his waiver; Court finds Defendant has waived his appearance and that this video hearing is in the interest of justice and public safety.
Mr. Linnenburger advises PSR reviewed w/client; notes majority of prior objections were resolved by Probation's addendum; 2 objections remain related to offense conduct and noted by Defendant as 1.2 [PSR paragraph 10] and 1.6 [PSR paragraphs 11 and 12].
Mr. Linnenburger addresses objection 1.2 re his client's work classification (non-classified), application, nature of position, and personal benefit.
Mr. Stanford responds.
The Court cites to Defendant's plea agreement; Court overrules objection as long as objection is set forth in the record; Court takes up objection 1.6.
Mr. Linnenburger argues in support of objection 1.6 to clarify the background, circumstances, and nature of offense.
The Court suggests that the PSR track the language from the plea agreement and Defendant's admission of facts; Mr. Linnenburger has no objection to that; Mr. Stanford does not object; Court directs PO to track language from the plea agreement for inclusion in the PSR; PO will do so; Court notes all other objection were resolved by the revised PSR.
Mr. Stanford argues for a term of 6 months custody and a fine; something more than a probated sentence.
The Court discusses other cases that fall into the same sentencing range for which the Government does not ask for a custody sentence; inquires what motivates Government to ask for a 6 months sentence; Mr. Stanford responds noting reasons of national security, Defendant's high level of education, compensation, responsibility, and as an example to others who may consider such conduct.
Mr. Linnenburger replies; notes guideline range properly applied to fit nature and circumstances of the offense in this matter; argues for a non-custodial sentence; believes a non-custodial sentence is appropriate in this case given nature of offense and his client's history and characteristics; also argues age and physical condition places his client at risk of contracting COVID-19 if placed in custody; requests home confinement if the Court is incline to impose a custodial sentence.
The Court asks Mr. Stanford about the fine the Court may impose; Mr. Stanford recommends an amount that resonates; hard to put finger on specific amount; but, would recommend an amount closer to the $75,000 Defendant would earn for the work he was untruthful about; PO notes $9.500 is top of fine guideline range; Court notes nothing in plea agreement would prevent Government from seeking a fine.
Mr. Stanford replies to Mr. Linnenburger's argument for a non-custodial sentence; reiterates recommendation for a custody sentence.
Mr. Linneburger responds re fine and Mr. Stanford's quoted compensation of $75,000; notes his client has not received that amount; would request a fine based on his client's means.
Defendant addresses the Court.
The Court will take a short break and return to impose sentence.
Court back in session; imposes sentence.
The Court directs Defendant to check in with Probation.
Mr. Linnenburger inquires about payment of $100 SPA.
PO notes SPA payment may be mailed to the Clerk of Court after the judgment is entered.

OTHER COMMENTS:

*Rev. November 10, 2015*